UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONNA WILSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:20-cv-01216-GCS |
| | ) |
| USA, SSM MEDICAL GROUP, and | ) |
| BANDY'S PHARMACY, INC., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Pending before the Court are Defendant SSM Medical Group's Motion for Summary Judgment and Plaintiff's Motion to Amend/Correct the Amended Complaint. (Doc. 63, 69). Upon review of both Motions and the respective responses, the Court **GRANTS** Plaintiff's Motion to Amend/Correct the Amended Complaint (Doc. 69) and **MOOTS** Defendant's Motion for Summary Judgment (Doc. 63).

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Donna Wilson, Special Administrator of the Estate of Quinton A. Zapp, filed her initial complaint on November 9, 2020, alleging that Defendant, United States of America, by and through its employee physicians, acted negligently and carelessly by proscribing and filling a prescription of Seroquel for 850mg daily (in excess of the maximum daily dosage) and later allowing an early refill of that prescription of 120 pills. (Doc. 1, p. 2). Plaintiff alleges that as a direct and proximate cause of the negligent acts

that Quinton A. Zapp died on April 17, 2019. *Id.* On February 18, 2021, Plaintiff filed an Amended Complaint adding SSM Medical Group ("SSM") and Dr. Richard Ernst ("Ernst") as defendants asserting that they also acted negligently in proscribing and filling the 850mg Seroquel prescription and by authorizing the early refill of the medication at an improper dosage. (Doc. 18, p. 7-8).

District Judge Stephen P. McGlynn entered an Order on March 16, 2022, dismissing Ernst because Plaintiff failed to serve him with a complaint within the 90-day deadline for service ("90-day rule") in accordance with Federal Rule of Civil Procedure 4(m). *See* FED. R. CIV. PROC. 4(m). Defendant SSM Medical Group then filed its Motion for Summary Judgment on May 16, 2022. (Doc. 63). Plaintiff timely responded in opposition on June 17, 2022. (Doc. 66). In light of Ernst's dismissal from the action, Plaintiff filed a Motion to Amend/Correct the Amended Complaint requesting that Plaintiff be allowed to state a direct negligence claim against SSM. (Doc. 69). Defendants SSM and Bandy's Pharmacy, Inc. filed a response in opposition to the Motion and a response to the Motion respectively on August 10, 2022. (Doc. 77, 78).

## LEGAL STANDARDS

Rule 15 of the Federal Rules of Civil Procedure governs amended complaints. *See* FED. R. CIV. PROC. 15. A complaint may be amended as a matter of course within 21 days after serving it, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading." FED. R. CIV. PROC. 15(a)(1). In all other cases, a party may only amend its pleadings with written consent of the opposing party or with

leave of the Court. *See* FED. R. CIV. PROC. 15(a)(2). Leave, however, should be given freely when justice so requires. *Id.*

**DISCUSSION**

In Plaintiff's Motion to Amend/Correct the Amended Complaint, Plaintiff requests that she be permitted to amend her complaint to include an independent negligence claim against SSM, separate from the allegations previously made against Ernst. (Doc. 69, p. 1-2). Additionally, in Plaintiff's Response in Opposition to Defendant SSM's Motion for Summary Judgment, Plaintiff argues that the dismissal of Ernst should be vacated under Rule 60 because Rule 4(m) of the Federal Rules of Civil Procedure does not apply to service in a foreign country.[1] (Doc. 66, p. 10). Vacating the March 16, 2022 Order dismissing Ernst would be improper because the dismissal was issued without prejudice, and it is therefore not a final order. The Court, however, finds that justice requires the Court to allow Plaintiff the opportunity to pursue foreign service of Ernst in Thailand in accordance with Rule 4(f) of the Federal Rules of Civil Procedure. *See* FED. R. CIV. PROC. 4(f). Therefore, the Court will permit Plaintiff to amend her complaint to not only include the independent negligence allegations against SSM, but also to restate the negligence allegations against Ernst.

---

[1] Rule 4(m) of the Federal Rules of Civil Procedure states the following: "[i]f a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. Subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A)." FED. R. CIV. PROC. 4(m).

As Plaintiff will likely pursue international service of Ernst, the Court reminds the parties to bear in mind the costs of such service as they move forward. Under Federal Rule of Civil Procedure 4(d)(1), "an individual, corporation, or association that is subject to service under Rule 4(e), (f) or (h) has a duty to avoid unnecessary expenses of serving the summons." FED. R. CIV. PROC. 4(d)(1). Further, Rule 4(d)(2) states the following:

> If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the Court must impose on the defendant:
> 
> (A)  the expenses later incurred in making service; and
> 
> (B)  the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

FED. R. CIV. PROC. 4(d)(2). While the text of Rule 4(d)(2) does not explicitly include foreign defendants on its face, defendants still possess an obligation to waive service in accordance with their duty to avoid unnecessary expenses of serving summons per Rule 4(d)(1). The 1993 Advisory Committee's notes illustrate this point. The Advisory Committee stated that Rule 4(d):

> operates to impose upon the defendant those costs that could have been avoided if the defendant had cooperated reasonably in the manner prescribed. This device is useful in dealing with defendants who are furtive, who reside in places not easily reached by process servers, *or who are outside the United States and can be served only at substantial and unnecessary expense.*"

*See* Rule 4(d) Advisory Committee Note (1993) (emphasis added). This implies, that while there is not a *per se* obligation for courts to impose costs on a foreign defendant who fails

to waive foreign service, the Court may possess discretion to assign the substantial costs of foreign service to those defendants that fail to waive.

Additionally, while the 90-day rule does not apply to foreign service, the Court must retain its ability to control its docket and to impose time limits on the period for service. *See Nylok Corp. v. Fastener World Inc.*, 396 F.3d 805, 807 (7th Cir. 2005) (citing *O'Rourke Bros. Inc. v. Nesbitt Burns, Inc.,* 201 F.3d 948, 952 (7th Cir. 2000)). Therefore, the Court shall provide Plaintiff with an additional **90 days** to serve Plaintiff in Thailand after the filing of the Amended Complaint. That time period may be extended accordingly if good cause is shown for any delay. *See, e.g.*, *Lang Vo Tran v. Illinois Dep't of Corr.*, Civil No. 09-302-GPM, 2011 WL 589833, at *1 (S.D. Ill. Feb. 10, 2011)(noting that where a plaintiff makes no attempt to begin the process of foreign service within the specified deadline that it may be proper for a court to dismiss the claim).

With respect to Plaintiff's Motion to Amend/Correct the Amended Complaint, the Court **GRANTS** the motion. The Court provides Plaintiff with **21 days** to file an Amended Complaint where she should further elaborate the independent negligence claim against Defendant SSM. As Defendant SSM points out in its opposition to Plaintiff's Motion to Amend/Correct the Amended Complaint, the Court reminds Plaintiff to state her independent negligence claim against Defendant SSM to identify any alleged independent misconduct by SSM that rises to the level of negligence. (Doc. 77, p. 3-4). Plaintiff should also restate her claim against Defendant Ernst with the Amended Complaint. The Court also **PROVIDES** Defendant United States **10 days** after Plaintiff

files her Amended Complaint to refile any crossclaims as are needed as a result of the filing.

Lastly, the Court finds that Defendant SSM's Motion for Summary Judgment (Doc. 63) is **MOOT** given that Plaintiff's Motion to Amend/Correct the Amended Complaint (Doc. 69) has been granted.

## CONCLUSION

For the above stated reasons, the Court **GRANTS** Plaintiff's Motion to Amend/Correct the Amended Complaint (Doc. 69) and **MOOTS** Defendant's Motion for Summary Judgment (Doc. 63).

**IT IS SO ORDERED.**

**DATED: January 19, 2023.**

Digitally signed by Judge Sison 2
Date: 2023.01.19 09:59:39 -06'00'

**GILBERT C. SISON**
**United States Magistrate Judge**